Paul R. Kiesel (SBN 119854)
E. Glenn Anaiscourt (SBN 246642)
KIESEL BOUCHER LARSON LLP
8648 Wilshire Boulevard
Beverly Hills, CA 90211
Telephone: 310.854.4444
Facsimile:  310.854.0812

Defendants' Liaison Counsel

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN CALIFORNIA REGIONAL RAIL AUTHORITY dba Metrolink and CONNEX RAILROAD LLC,

    Plaintiffs/Interpleader Fund Creators,

    v.

LETICIA MAGDALENO and JUVENAL MAGDALENO, individuals; additional named defendants listed in Exhibit A; and Does 1 through 200, inclusive,

Defendants/Interpleader Fund Claimants.

Case No. 2:10-cv-06365-GW (JCx)

**ALLOCATION IMPLEMENTATION ORDER**

Date:   February 10, 2010
Time:   8:30 a.m.
Dept:   10
Judge:  Hon. George H. Wu

1
ALLOCATION IMPLEMENTATION ORDER

1  The Plaintiffs / Interpleader Fund Creators ("Plaintiffs") deposited $200 million into the Court (the "Interpleader Funds") in this matter in order to resolve all claims for liability, indemnity or contribution against the Plaintiffs and the Released Parties[1] based on injury, death, or other damages suffered by passengers in the collision of Metrolink Train 111 on September 12, 2008 with a Union Pacific freight train (the "Chatsworth Collision"). On January 3, 2011, this Court entered an Order Granting Motion for Discharge and a Partial Final Judgment in this Matter, thereby entering judgment in favor of Plaintiffs and discharging Plaintiffs and the Released Parties from liability from all liability as described therein.

The Interpleader Funds and all interest accrued thereupon since the deposit of such funds are now maintained by the United States District Court for the Central District of California on behalf of the Defendants / Interpleader Fund Claimants ("Claimants"), and the Plaintiffs and Released Parties have no further liability for, and have been released and discharged from, all claims arising from or related to damages suffered by passengers in the Chatsworth Collision, as well as all persons or entities asserting liens based on payments made, or services provided, to the Claimants.

The Court therefore ORDERS as follows:

1. The Interpleader Funds and all interest accrued thereupon, currently maintained by the Court, shall be transferred forthwith and by operation of this

---

[1] The "Released Parties" means Plaintiffs and all other persons and entities who have been sued by Claimants for death, injury or other damages as a result of the Chatsworth Accident, and/or who fall within the definition contained in 49 U.S.C. § 28103(e)(1), and specifically includes, but is not limited to, Plaintiffs, the Los Angeles County Metropolitan Transportation Authority, the member agencies of the Southern California Regional Rail Authority, Veolia Transportation, Inc., Union Pacific Railroad Company, BNSF Railway Company, Bombardier Transit Corporation, Herzog Contracting, and Mass Electric Construction Corporation and their respective officers, agents, employees and affiliates.

order from the federal depository where they presently reside, directly into the qualified settlement fund established and designated as Account No. 671******* in the name of Chatsworth Metrolink Litigation Qualified Settlement Fund (the "QSF") at the Union Bank of California ("UBOC"). The bank wherein the funds are currently on deposit is hereby ordered and authorized to take whatever actions are necessary to effect that transfer.

2. Upon deposit of the Interpleader Funds and accrued interest into the QSF at UBOC, jurisdiction over the Interpleader Funds shall be transferred to the Superior Court for the State of California, County of Los Angeles. The Los Angeles Superior Court shall assume authority to adjudicate and shall oversee the allocation of the Interpleader Funds, making all determinations regarding the allocation of the Interpleader Funds and accrued interest, or any portion thereof, to the individual Claimants.

3. No distribution of the Interpleader Funds or interest or any portion thereof shall be made without express instructions from Paul R. Kiesel, who is designated as the QSF claims administrator ("Claims Administrator"), to release the funds.

4. Upon confirmation to this Court that the Interpleader Funds have been transferred to the QSF and the Superior Court for the State of California has assumed jurisdiction over the allocation and disposition of the Interpleader Funds to the Claimants, this Court shall enter a final judgment in this case.

5. The allocation process shall protect the interests of Plaintiffs, Claimants, and all persons or entities asserting liens based on payments made, or services provided, to Claimants, including, without limitation, liens asserted by providers of legal, medical, or healthcare services, and by governmental entities, including Medicare (collectively, "Lien Claims"). No distribution from the QSF of funds subject to a Lien Claim shall be distributed to any Claimant until such time as the following, as applicable, occurs as to the Lien Claim:

- For each Lien Claim for which there is no dispute as to the amount of the lien, the amount sufficient to satisfy the lien shall be withheld from such Claimant's allocation of interpleader funds in order to satisfy the lien obligation.

- For each Lien Claim for which there is a dispute as to validity or amount of the lien, an amount sufficient to satisfy the total asserted lien amount shall be withheld from such Claimant's allocation of interpleader funds; upon resolution of the dispute, however, the Claimant shall be entitled to receive all amounts not otherwise utilized to satisfy the liquidated lien amount, if any.

6. Counsel for each Claimant shall report the conclusion of the interpleader funds allocation process for a particular Claimant to any person or entity asserting a lien against the Claimant's allocation of interpleader funds. Such report shall be made no later than ten [10] days after the amount of the payment to the claimant is finally determined in accordance with the approved allocation process.

7. Claimants and their counsel shall indemnify, defend, and hold harmless Plaintiffs, the Released Parties, and their respective insurers from any claims or demands resulting from the failure to satisfy any of the conditions of this Allocation Implementation Order and/or the failure to discharge any statutory or common law lien claims including medical liens, hospital liens, workers' compensation liens, government liens or attorney liens, arising from or related to the Chatsworth Collision.

/ / /

/ / /

1 **IT IS SO ORDERED.**

3 DATED: February 10, 2011  _____
THE HONORABLE GEORGE H. WU
UNITED STATES DISTRICT JUDGE